**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CENTRAL LLC,<br>a limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>GTP ACQUISITION<br>PARTNERS II, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-15-836-HE<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Central LLC, and for its Complaint against Defendant, GTP Acquisition Partners II, LLC, states and alleges as follows:

**PARTIES**

1. Plaintiff Central LLC ("Plaintiff" or "Central") is a limited liability company organized in the State of Oklahoma with its principal place of business in Poteau, Oklahoma.

2. Plaintiff is licensed to conduct business in the state of Oklahoma.

3. Plaintiff is solely owned by one individual member, Mr. Mark Cornell. Mr. Cornell is an individual that resides in the state of Oklahoma.

4. GTP Acquisition Partners II, LLC ("Defendant") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Boston, Massachusetts.

5. Defendant is qualified and licensed to conduct business in the state of Oklahoma.

## JURISDICTION AND VENUE

6. Defendant conducts business in the Western District of Oklahoma and is registered with the Oklahoma Secretary of State

7. Defendant is amenable to service in the Western District of Oklahoma. Service of process may be accomplished by delivery of a copy of the summons to its Registered Agent, located in Oklahoma City, Oklahoma, although counsel for Defendant has agreed to accept service on its behalf.

8. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the Western District and Defendant is subject to personal jurisdiction in the Western District.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amounts in controversy exceed seventy-five thousand dollars ($75,000).

## BACKGROUND FACTS

**The Tonkawa Tower**

10. On or about June 1, 2013, Mark Cornell, dba Central and/or Central Communications ("Cornell"), and an entity formerly known as Global Tower Assets, LLC entered into a license agreement (the "Tonkawa License Agreement") for Cornell to install an antenna and other necessary equipment on a tower located at 2095 North Public Street, Tonkawa, Oklahoma 74653 (the "Tonkawa Tower.").

11. Upon information and belief, Global Tower Assets, LLC was wholly owned by Global Tower Partners (collectively referred to hereafter as "GTP").

12. On or about June 1, 2013, Cornell installed its antenna (hereafter "Original Antenna") and other necessary equipment on the Tonkawa Tower.

13. On or about August 6, 2013, Cornell received a call from a GTP representative stating that the Original Antenna needed to be moved to a different location on the Tonkawa Tower. The GTP representative stated that GTP had a crew on-site that day and would move the antenna. No representatives or agents of Cornell were onsite at the time the antenna was moved.

14. The Original Antenna had worked as expected prior to the relocation by GTP. Soon after the relocation by GTP, the Original Antenna stopped functioning as it had before being moved by GTP. Specifically, its coverage was reduced to approximately one quarter (1/4) of it was prior to the move.

15. After complaints by Cornell, GTP allegedly had the line swept and the Original Antenna and equipment inspected. Cornell was told that the issues were due to faulty equipment.

16. For months, Cornell attempted to find a solution to the problems with the Original Antenna.

17. In or around October, 2013, Defendant acquired ownership of GTP and therefore is the successor-in-interest to GTP.

18. Under the belief created by GTP that the problems were attributable to the Original Antenna and equipment, Cornell contacted Defendant's representative to ask if

the Original Antenna could be replaced with a different antenna. Cornell was told by Defendant's representative that, to change the antenna, it was necessary to execute an amendment to the Tonkawa License Agreement. In or around August, 2014, Cornell and Defendant executed an amendment to the Tonkawa License Agreement (the "Amendment"). The Amendment increased the monthly fee paid by Cornell over one hundred percent (100%).

19. On or about August 28, 2014, while installing the new antenna and equipment, Cornell discovered that the Original Antenna was no longer on the Tonkawa Tower. It was also discovered that other equipment belonging to Cornell had been damaged by GTP.

20. Defendant has failed and/or refused to return the Original Antenna to Plaintiff and to compensate Plaintiff for other equipment that was damaged during the relocation of the Original Antenna.

21. Defendant has refused Plaintiff's requests and demands to terminate the Amendment and reinstate the terms of the original License Agreement. Defendant continues to charge Plaintiff the significantly increased monthly fee pursuant to the Amendment, which Cornell would not have entered into had Defendant disclosed that the Original Antenna had been removed from the Tonkawa Tower.

**The Enid Tower**

22. Effective June 10, 2013, Cornell entered into a license agreement ("Enid License Agreement") with GTP Acquisition Partners II, LLC to use space on its tower located at 4525 North Wheatridge Road, Enid, Oklahoma 73703 ("Enid Tower").

23. Soon after the installation of its equipment on the Enid Tower, Cornell began to receive complaints that its communications were "bleeding over" onto adjacent frequencies.

24. Cornell made good faith efforts to obtain an appropriate license from the Federal Communications Commission but was denied the request for the same. Due to the complaints, Cornell shut down the equipment on the Enid Tower in or around the first of June 2014.

25. Pursuant to Section 14(a) of the Enid License Agreement, Plaintiff has the right to terminate the agreement under the circumstances set forth above.

26. On or about August 11, 2014, Cornell notified Defendant via certified mail that it was providing its thirty (30) day termination notice pursuant to the Enid License Agreement.

27. Defendant has refused to accept and/or acknowledge Plaintiff's notice of intent to terminate the Enid License Agreement and continues to demand payment for the monthly fees for the same.

**Central LLC**

28. In or around July, 2014, Plaintiff Central LLC was formed by Mr. Mark Cornell.

29. Plaintiff Central LLC is the successor-in-interest to the assets and liabilities formerly belonging to Cornell.

## COUNT I – BREACH OF CONTRACT

30. Plaintiff incorporates the allegations contained in Paragraphs 1 – 29 as if fully set forth herein.

31. The Tonkawa License Agreement was a contract pursuant to which Plaintiff and Defendant owed certain duties and obligations to the other party and was in effect at all relevant times.

32. Specifically, the Tonkawa License Agreement provided that Defendant would indemnify Plaintiff for any losses or damages arising from any willful act or omissions or the negligence of Defendant, including employees and agents.

33. The acts and omissions of Defendant in removing the Original Antenna and damaging other equipment belonging to Plaintiff caused Plaintiff to suffer losses and/or damages.

34. At all relevant times, Plaintiff substantially performed its obligations under the Tonkawa License Agreement.

35. Defendant's failure to indemnify Plaintiff for its losses and/or damages was a breach of its contractual obligations to Plaintiff.

36. Plaintiff performed all conditions precedent to recover under the Tonkawa License Agreement and has not excused Defendant's breach of the same.

37. As a proximate result of Defendant's breach of the terms of the License Agreement, Plaintiff has suffered damages in an amount greater than seventy-five thousand dollars ($75,000) including, but not limited to, the time and funds spent replacing

equipment in attempts to resolve the issues with the antenna and the amount associated with the installation of the new antenna on the Tonkawa Tower.

## COUNT II – UNJUST ENRICHMENT

38. Plaintiff incorporates the allegations contained in Paragraphs 1 – 37 as if fully set forth herein.

39. Plaintiff paid funds to Defendant with the reasonable expectation of use of space on the Tonkawa Tower without interference by Defendant.

40. Defendant has retained the benefits of the funds paid by Plaintiff, including the increased monthly fee provided for in the Amendment.

41. Defendant knew or should have known that Plaintiff reasonably expected to have appropriate use of the space on the Tonkawa Tower without interference or removal of its antenna and equipment.

42. Plaintiff has suffered damages as a result of Defendant's retention of the funds paid by Plaintiff for use of the space on the Tonkawa Tower.

43. Defendant has been unjustly enriched through its retention of the funds paid by Plaintiff. Defendant's retention of the funds is without justification, and it would be inequitable for Defendant to retain the benefit of the funds paid by Plaintiff without allowing Plaintiff to reasonably use the space on the Tonkawa Tower without interference by Defendant.

## COUNT III – CONVERSION

44. Plaintiff incorporates the allegations contained in Paragraphs 1 – 43 as if fully set forth herein.

45. Plaintiff was the owner of the Original Antenna and other equipment installed on the Tonkawa Tower.

46. Defendant intentionally took possession of the Original Antenna and other equipment and has failed and/or refused to return the same to Plaintiff.

47. Plaintiff did not consent to Defendant taking and retaining possession of the Original Antenna and other equipment.

48. Plaintiff has been harmed as a result of Defendant's conduct.

## **COUNT IV – FRAUD**

49. Plaintiff incorporates the allegations contained in Paragraphs 1 – 48 as if fully set forth herein.

50. Plaintiff alleges that Defendant's representation that an amendment to the Tonkawa License Agreement was necessary to install a new antenna was made with the knowledge that the Original Antenna was no longer on the Tonkawa Tower and that other equipment belonging to Plaintiff had been damaged and with the intent to induce Plaintiff to execute the Amendment.

51. Plaintiff's agreement to execute the Amendment was premised upon its belief and understanding that the Original Antenna was still on the Tonkawa Tower and that the problems it was experiencing were due to issues with its own equipment.

52. Had Plaintiff known that Defendant had removed the Original Antenna and other equipment and replaced it with another antenna, Plaintiff would not have executed the Amendment.

53. As a result of Defendant's fraud, Plaintiff has suffered actual damages.

54. Accordingly, Plaintiff demands judgment against Defendant for actual and punitive damages in an amount greater than Seventy Five Thousand Dollars ($75,000), interest, and costs.

## COUNT V – DECLARATORY JUDGMENT

55. Plaintiff incorporates the allegations contained in Paragraphs 1 – 55 as if fully set forth herein.

56. As demonstrated by Defendant's failure and/or refusal to cancel the Amendment and to reinstate the original terms in the Tonkawa Tower Agreement, a controversy exists between the parties regarding their rights, obligations and liabilities under the same.

57. As demonstrated by Defendant's failure and/or refusal to accept Plaintiff's termination of the Enid Tower Agreement, a controversy exists between the parties regarding their rights, obligations and liabilities under the same

58. Because of this controversy, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist among the parties.

59. Plaintiff is entitled to a declaration of this Court that the Amendment shall be cancelled that the original terms of the Tonkawa Tower Agreement shall be reinstated.

60. Plaintiff is entitled to a declaration of this Court that the Enid Tower Agreement shall be deemed terminated effective October 1, 2014.

## DEMAND FOR JURY

61. Plaintiff requests a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

A. Enter judgment against Defendant on Plaintiff's claim for breach of contract and award to Plaintiff actual damages, the amount of which will be determined at trial;

B. Enter judgment against Defendant on Plaintiff's claim for unjust enrichment and award to Plaintiff actual damages, the amount of which will be determined at trial;

C. Enter judgment against Defendant on Plaintiff's claim for conversion and award to Plaintiff actual damages, the amount of which will be determined at trial;

D. Enter judgment against Defendant on Plaintiff's claim of fraud and award to Plaintiff actual and punitive damages, the amount which will be determined at trial;

E. Enter judgment declaring that the Amendment shall be cancelled that the original terms of the Tonkawa Tower Agreement shall be reinstated;

F. Enter judgment declaring that the Enid Tower Agreement shall be deemed terminated effective October 1, 2014;

G. Award to Plaintiff its reasonable attorneys' fees and costs; and

H. Award all other relief to Plaintiff that is deemed just, equitable and necessary.

Respectfully Submitted,

*s/Chance L. Pearson*
DANIEL G. WEBBER, JR. OBA#16332
CHANCE L. PEARSON, OBA#22269
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER, PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:	(405) 239-6040
Facsimile:	(405) 239-6766
cpearson@ryanwhaley.com
dwebber@ryanwhaley.com

**ATTORNEYS FOR PLAINTIFF CENTRAL LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John P. Falcone – jfalcone@cheekfalcone.com

*s/Chance L. Pearson*
Chance L. Pearson