## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CENTRAL LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GTP ACQUISITION PARTNERS II, LLC,<br><br>Defendant. | Case No.  CIV-15-836-HE |

## DEFENDANT GTP ACQUISITION PARTNERS II, LLC'S
## ANSWER AND COUNTERCLAIMS

COMES NOW Defendant GTP Acquisition Partners II, LLC, a Delaware limited liability company ("Defendant") acting by and through its undersigned attorney, and states as follows:

Defendant hereby denies each and every allegation contained in Plaintiff's First Amended Complaint, except as may be hereinafter specifically admitted, to-wit:

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the First Amended Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the First Amended Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the First Amended Complaint.

1

4. Defendant admits that Defendant is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts.

5. Defendant admits the allegations of paragraph 5 of the First Amended Complaint.

6. Defendant admits the allegations of paragraph 6 of the First Amended Complaint.

7. Defendant admits the allegations of paragraph 7 of the First Amended Complaint.

8. Defendant admits the allegations of paragraph 8 of the First Amended Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the First Amended Complaint except that Defendant admits that the citizenship of the named Plaintiff and named Defendant are diverse.

10. Defendant admits that Mark Cornell d/b/a Central Communications entered into a Tower Site License Agreement, dated June 10, 2013, with Global Tower Assets, LLC with respect to licensing space on the site located at 2095 North Public Street, Tonkawa, OK 74653 ("Tonkawa License Agreement"). Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 10 of the First Amended Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the First Amended Complaint, but further states that Licensor's interest in the Tower Site License Agreement for the tower site located at 2095 North Public Street, Tonkawa, OK 74653 and described in paragraph 10 of the First Amended Complaint was subsequently assigned to Defendant.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the First Amended Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 13 are denied.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 14 are denied.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 15 are denied.

16. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 16 are denied.

17. Defendant denies the allegations of paragraph 17 of the First Amended Complaint, but further states that Licensor's interest in the Tower Site License Agreement for the Tonkawa site was assigned to Defendant.

18. Defendant admits that on or about August 21, 2014, Central Communications and Global Tower Assets, LLC entered into an agreement titled First Amendment to Tower Site License, which provided for an increase in the License Fee by an additional $600.00 per month. Defendant denies that Defendant originally entered into the First Amendment to Tower Site License Agreement because the agreement was originally entered into between Central Communications and Global Tower Assets, LLC. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 18 of the First Amended Complaint. To the extent a response is required to the remaining allegations, the remaining allegations of paragraph 18 are denied.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 19 are denied.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 20 are denied.

21. Defendant admits that it has continued to assert entitlement to the larger monthly fees provided for in the First Amendment to Tower License Agreement.

Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 21 of the First Amended Complaint. To the extent a response is required to the remaining allegations, the remaining allegations of paragraph 21 are denied.

22. Defendant admits the allegations of paragraph 22 of the First Amended Complaint, except Defendant denies knowledge or information sufficient to form a belief as to whether the Enid License Agreement was effective on June 10, 2013 or May 30, 2013.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 23 are denied.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 24 are denied.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 25 are denied.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 26 are denied.

27. Defendant denies the allegations of paragraph 27 of the First Amended Complaint, except admits that Plaintiff continues to demand payment pursuant to the terms of the Enid Lease.

28. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the First Amended Complaint

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the First Amended Complaint

30. In response to paragraph 30 of the First Amended Complaint, Defendant reasserts and re-alleges its foregoing responses.

31. Defendant admits that the Tower Site License Agreement and the First Amendment to Tower Site License Agreement are contracts between the parties thereto and/or their successors or assigns. The terms of the subject agreements speak for themselves.

32. Defendant denies the allegations of paragraph 32 of the First Amended Complaint, except that Defendant admits that the Tower Site License Agreement at section 10(d) sets forth an indemnity obligation by Licensor for certain events specified therein.

33. Defendant denies the allegations of paragraph 33 of the First Amended Complaint.

34. Defendant denies the allegations of paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations of paragraph 35 of the First Amended Complaint.

36. Defendant denies the allegations of paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations of paragraph 37 of the First Amended Complaint.

38. In response to paragraph 38 of the First Amended Complaint, Defendant reasserts and re-alleges its foregoing responses.

39. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 39 of the First Amended Complaint, except Defendant admits that Plaintiff paid certain funds to Defendant for the use of space on the Tonkawa Tower. To the extent a response is required to the remaining allegations, the remaining allegations of paragraph 39 are denied.

40. Defendant denies the allegations of paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations of paragraph 41 of the First Amended Complaint.

42. Defendant denies the allegations of paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations of paragraph 43 of the First Amended Complaint.

44. In response to paragraph 44 of the First Amended Complaint, Defendant reasserts and re-alleges its foregoing responses.

45. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 45 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 45 are denied.

46. Defendant denies the allegations of paragraph 46 of the First Amended Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 47 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 47 are denied.

48. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 48 of the First Amended Complaint. To the extent a response is required, the allegations of paragraph 48 are denied.

49. In response to paragraph 49 of the First Amended Complaint, Defendant reasserts and re-alleges its foregoing responses.

50. Defendant denies the allegations of paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations of paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations of paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations of paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations of paragraph 54 of the First Amended Complaint.

55. In response to paragraph 55 of the First Amended Complaint, Defendant reasserts and re-alleges its foregoing responses.

56. Defendant denies the allegations of paragraph 56 of the First Amended Complaint.

57. Defendant denies the allegations of paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations of paragraph 58 of the First Amended Complaint.

59. Defendant denies the allegations of paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations of paragraph 60 of the First Amended Complaint.

61. Paragraph 61 is not an allegation against Defendant and does not require a response. To the extent a response is required, Defendant denies the allegations of paragraph 61 of the First Amended Complaint.

62. Defendant denies the Prayer for Relief requested by Plaintiff.

## DEFENSES AND OBJECTIONS TO PLAINTIFF'S CLAIMS

1. The Complaint fails to allege with sufficient specificity the grounds underlying Plaintiff's allegations of fraud. The Complaint fails to identify the specific misrepresentations of fact complained of by Plaintiff.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff cannot establish the requisite elements of fraud or entitlement to rescission.

4. Upon information and belief, the statute of limitations bars Plaintiff's claim for relief.

5. Plaintiff has retained and enjoyed the consideration provided to Plaintiff pursuant to the agreement(s) it now seeks to rescind.

6. Defendant reasonably relied upon the terms of Plaintiff's written statements, contracts and agreements to its detriment. Plaintiff should not be permitted to rescind or alter the terms of the written contracts after Defendant's reasonable reliance.

7. Plaintiff signed binding and enforceable written contracts and obligations and the written contracts should be enforced according to their terms.

8. Estoppel, Ratification and Waiver.

9. Claims being asserted by Plaintiff in this action are prohibited from being assigned to Plaintiff.

10. Plaintiff is not the real party in interest and/or lacks standing to assert its claims.

11. Failure to join a necessary party, namely Mark Cornell.

12. To the extent Plaintiff is afforded any relief, setoff and/or recoupment.

### **DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF**

For its counterclaims against the Plaintiff, Defendant adopts and incorporates the allegations contained in its foregoing Answer, and further alleges as follows:

### **Jurisdiction and Venue**

1. The three written agreements that underlie Defendant's counterclaims herein are the same three written agreements that are referenced in Plaintiff's First Amended Complaint and form a part of the basis of Plaintiff's claims against Defendant. Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), the counterclaims asserted herein arise out of the same transactions or occurrences as the claims asserted in Plaintiff's First Amended Complaint. Alternatively, pursuant to 28 U.S.C. § 1367, this Court has the authority to exercise supplemental jurisdiction over the counterclaims asserted herein because the counterclaims asserted herein are so closely related that they form a part of the same case or controversy as the claims asserted in this action.

2. Venue is appropriate in the Western District of Oklahoma because the Tower Site License Agreements for the Tonkawa tower site and Enid tower site each provide that venue is proper in the courts of the state in which the tower sites are located, and each of the tower sites are located within the Western District of Oklahoma.

**First Claim for Relief**

**Breach of Contract (Non-Payment)– Tonkawa Tower Site License Agreement**

3. Upon information and belief, and at all relevant times herein, the Plaintiff, Central LLC, is the successor-in-interest, assignee, or alter ego of Licensee, Mark K. Cornell, individually and doing business as Central Communications.

4. Paragraph 4 of the Tower Site License Agreement for the Tonkawa tower site states as follows:

> From and after the Commencement Date, Licensee shall pay Licensor Five Hundred and 00/100 Dollars ($500.00) per month ("License Fees"); provided, however, that the License Fees shall increase annually during the Term, effective as of each anniversary of the Commencement Date, by an amount equal to four percent (4%) per annum above the amount of the License Fees in effect immediately prior to such increase. The License Fees shall be payable on the first day of each calendar month in advance, when due, without demand, offset, abatement, diminution or reduction, to Licensor at **Global Tower Holdings, LLC c/o SunTrust Bank, P.O. Box 116465 Atlanta, Georgia 33068-6465, Ref. Site ID:** OK5177 Tonkawa II. In the event any payment of the License Fees due hereunder shall be overdue, it shall thereafter, until paid, bear interest at the rate of one and one-half percent (1-1/2%) per month or the highest legal rate.

5. Pursuant to the First Amendment to Tower Site License Agreement dated August 21, 2014, Mark K. Cornell d/b/a Central Communications agreed as follows:

> Effective upon the earlier to occur of: i) commencement of installation of the Modified Equipment; or ii) November 5, 2014 ("Commencement Date"), the License Fee shall be increased by Six Hundred and 00/100 ($600.00) per month ("Increased Fee"). The Increased Fee for any fractional month at the beginning or end of the period shall be appropriately prorated.

6. Plaintiff, its successors-in-interest, assignors and/or alter egos have not paid Defendant sums which are due under the Tower Site License Agreement and First

Amendment to Tower Site License Agreement, and are therefore in breach and default of said agreements.

7. Plaintiff, its successors-in-interest, assignors and/or alter egos are indebted to Defendant for sums due under the Tower Site License Agreement and First Amendment to Tower Site License Agreement through October 31, 2015, in the principal sum of $10,197.05.

8. Plaintiff, its successors-in-interest, assignors and/or alter egos are further indebted to Defendant for interest accrued under the Tower Site License Agreement and First Amendment to Tower Site License Agreement through October 31, 2015, and for interest accruing thereafter until paid at the rate of 1.5% per month.

9. Defendant is further entitled to all sums that are due and unpaid from and after October 31, 2015 through the date of trial in this proceeding.

10. Defendant is entitled under the agreements and applicable statutes to its reasonable attorney fees and costs incurred by reason of this action.

WHEREFORE, Defendant prays the Court enter judgment in its favor and against the Plaintiff in the principal sum of $10,197.05, plus any contractual charges and license fees which accrue after October 31, 2015, interest accrued through October 31, 2015 at the rate of 1.5% per month, interest accruing on the unpaid balance thereafter at the rate of 1.5% per month, and the costs of this action including but not limited to Defendant's reasonable attorney fees.

**Second Claim for Relief**

**Breach of Contract (Non-Payment)– Enid Tower Site License Agreement**

11. Upon information and belief, and at all relevant times herein, the Plaintiff, Central LLC, is the successor-in-interest, assignee and/or alter egos of Licensee, Mark K. Cornell, individually and doing business as Central.

12. Paragraph 4 of the Tower Site License Agreement for the Enid site states as follows:

> From and after the Commencement Date, Licensee shall pay Licensor Five Hundred and 00/100 Dollars ($500.00) per month ("License Fees"); provided, however, that the License Fees shall increase annually during the Term, effective as of each anniversary of the Commencement Date, by an amount equal to four percent (4%) per annum above the amount of the License Fees in effect immediately prior to such increase. The License Fees shall be payable on the first day of each calendar month in advance, when due, without demand, offset, abatement, diminution or reduction, to Licensor at **Global Tower, LLC d/o SunTrust Bank, P.O. Box 102534 Atlanta, Georgia 33068-2534, Ref. Site ID:** *OK-5101 Enid West*. In the event any payment of the License Fees due hereunder shall be overdue, it shall thereafter, until paid, bear interest at the rate of one and one-half percent (1-1/2%) per month or the highest legal rate.

13. Plaintiff, its successors-in-interest, assignors and/or alter egos, have not paid Defendant sums which are due under the Tower Site License Agreement for the Enid site, and are therefore in breach and default of said agreements.

14. Plaintiff, its successors-in-interest, assignors and/or alter egos, are indebted to Defendant for sums due under the Tower Site License Agreement for the Enid site through October 31, 2015, in the principal sum of $6,884.80.

15. Plaintiff, its successors-in-interest, assignors and/or alter egos, are further indebted to Defendant for interest accrued under the Tower Site License Agreement through October 31, 2015, and for interest accruing thereafter until paid at the rate of 1.5% per month.

16. Defendant is further entitled to all sums that are due and unpaid from and after October 31, 2015 through the date of trial in this proceeding.

17. Defendant is entitled under the agreement and applicable statutes to its reasonable attorney fees and costs incurred by reason of this action.

WHEREFORE, Defendant prays the Court enter judgment in its favor and against the Plaintiff in the principal sum of $6,884.80, plus any license fees and contractual charges which accrue after October 31, 2015, interest accrued through October 31, 2015 at the rate of 1.5% per month, interest accruing on the unpaid balance thereafter at the rate of 1.5% per month, and the costs of this action including but not limited to Defendant's reasonable attorney fees.

WHEREFORE, Defendant, having fully responded to the allegations contained in Plaintiff's First Amended Complaint, and having set forth therein certain defenses, respectfully prays that said Plaintiff take nothing by way of judgment against this Defendant as a result thereof; that Defendant be awarded judgment against Plaintiff on its counterclaims; and that the Defendant herein be awarded its costs, including its reasonable attorney fees incurred, together with such other and further relief as the Court deems just and proper.

Dated this 27th day of October, 2015.

Respectfully submitted,

/s/ John P. Falcone
JOHN P. FALCONE, OBA #18373
CHEEK & FALCONE, PLLC
6301 Waterford Boulevard, Suite 320
Oklahoma City, OK 73118-1168
Telephone: 405/286-9191
Facsimile: 405/286-9670
jfalcone@cheekfalcone.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

☑ I hereby certify that on the 27th day of October, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Chance L Pearson**  cpearson@ryanwhaley.com; jmickle@ryanwhaley.com; rharrison@ryanwhaley.com

- **Daniel G Webber , Jr**  dwebber@ryanwhaley.com; jmickle@ryanwhaley.com; dmaple@ryanwhaley.com

/s/ John P. Falcone

S:\10172.013\PLEA\ (60382).DOC